O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#5

CIVIL MINUTES - GENERAL

| Case No. | CV 08-7826 PSG (AJWx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Charles Pakpahan v. Aurora Loan Services, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | | Not Present | n/a |
| Deputy Clerk | | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present                             Not Present

**Proceedings:**     **(In Chambers) Order on Motion to Dismiss Counterclaims and Motion to Strike**

Before this Court is Defendant's motion to dismiss the complaint. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving papers, the Court hereby GRANTS Defendant's motion.

I.      Background

Defendant Aurora Loan Services, LLC ("Aurora") issued a 30-year conventional loan to Plaintiff Charles Pakpahan ("Pakpahan") in the amount of $496,521.52 with an interest rate of 6.375% to purchase property located at 25534 Huron Street in Loma Linda, California. Pakpahan claims that he experienced financial hardship, was unable to make payments on the loan, and tried to negotiate a deal with Aurora. Instead, Aurora ignored his request and sent him a collection letter on November 6, 2008.

On November 26, 2008, Pakpahan filed suit, asserting four causes of action: (1) breach of contract and breach of the covenant of good faith and fair dealing, (2) fraud and racketeering, (3) usury and racketeering, and (4) intentional infliction of emotional distress. Pakpahan's primary argument is that the loan is invalid because Aurora lent him credit instead of U.S. legal tender in the form of cash or coins. Pakpahan claims that this is an illegal creation of money and therefore unconstitutional. According to Pakpahan, Aurora misrepresented the loan terms by lending him "vapor money," charging him interest on these "non-existent" funds, and then charging him an interest rate higher than that listed on the loan documents. Pakpahan seeks release of all interest in the property, return of the property, Aurora's arrest, reasonable fees, and punitive damages.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#5**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7826 PSG (AJWx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Charles Pakpahan v. Aurora Loan Services, et al. | | |

Aurora now moves to dismiss Pakpahan's complaint.

II.   Legal Standard

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted.  In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted).  Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level.  *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).  However, detailed and "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true.  *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).  Courts must also construe all reasonable inferences in the light most favorable to the plaintiff.  *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).  To further the inquiry, courts may consider documents outside the pleadings without the proceeding turning into summary judgment.  *See Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir. 1994), *reversed on other grounds*.  A document, however, may be considered only if it is alleged in the complaint, and its authenticity is not questioned.  *See id.*

Where a plaintiff proceeds *pro se*, the Court must liberally construe the complaint. *Bernhardt v. Los Angeles County*, 339 F. 3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally including *pro se* motions as well as complaints.").  In fact, the Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted).

III.   Discussion

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#5**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7826 PSG (AJWx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Charles Pakpahan v. Aurora Loan Services, et al. | | |

Pakpahan has not filed an opposition to Aurora's motion to dismiss. Failure to oppose a motion within the deadline may be deemed consent to the granting of the motion. L.R. 7-12. However, the Court will reach the merits of Aurora's motion.

    A.    <u>Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing</u>

Pakpahan's first cause of action is for breach of contract and breach of the covenant of good faith and fair dealing.

    (1) <u>Breach of Contract</u>

Aurora claims that Pakpahan did not adequately plead the existence or terms of a contract. According to Aurora, Pakpahan alleged in his complaint that he was induced into signing a mortgage agreement, deed of trust, grant deed, and security instrument, but Pakpahan failed to attach any of the documents. Additionally, Aurora argues that Pakpahan failed to plead the substance of the terms of the documents and to state which document was breached.

To state a cause of action for breach of contract, a plaintiff must allege: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damages to plaintiff. *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830, 69 Cal. Rptr. 321 (1968). Under California law, a written contract can be pled by alleging its making and either attaching a copy of the contract or alleging the substance of the terms. *Perry v. Robertson*, 201 Cal. App. 3d 333, 341, 247 Cal. Rptr. 74 (1988). "The purpose of the specific pleading of a written contract requirement is to permit the defendant to demur to the breach of contract claim based upon the construction of the text of the contract[.]" *Id.*

Here, Pakpahan alleged that he was "induced into signing a Mortgage Agreement, Mortgage Note, Deed of Trust, Grant Deed and Security Instrument Agreement regarding said Loan Terms and Conditions." Compl. ¶ 3. Pakpahan stated that Aurora issued a 30-year conventional loan, Loan No. *482, in the amount of $496,521.52 with an interest rate of 6.375%. *Id*. Additionally, Pakpahan attached to his complaint copies of an account statement that Aurora sent regarding Loan *482 (labeled as Exhibit A) and a Notice Letter regarding Loan *482 (labeled as Exhibit B). The Court finds that Pakpahan's allegations are sufficient to plead the existence of a contract.

However, Pakpahan did not adequately allege his performance, Aurora's breach, nor his resulting damages. First, Pakpahan did not allege his performance or excuse for

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#5**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7826 PSG (AJWx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Charles Pakpahan v. Aurora Loan Services, et al. | | |

nonperformance. Second, Pakpahan alleged that Aurora breached the contract by lending him credit and charging interest on "non-existent funds." However, this does not constitute a breach because the extension of credit does not constitute the creation of money. *See Kolb v. Naylor*, 658 F. Supp. 520, 523 (N.D. Iowa 1987) ("[T]he loans to plaintiffs constitute the lending of money and creation of a debt, rather than the creation of money."). Additionally, Aurora's extension of credit to Pakpahan by issuing a promissory note was valid, because notes are considered a negotiable instrument under California law. *In re Kang Jin Hwang*, 396 B.R. 757, 762 (Bankr. C.D. Cal. 2008) ("A negotiable instrument . . . typically takes one of two forms: a promissory note (designated as a "note"), or a draft (such as a check)."). Finally, it is unclear what damages Pakpahan claims to have suffered.

Because Pakpahan did not adequately plead all the necessary elements for breach of contract, Aurora's motion to dismiss this cause of action is GRANTED.

(2) Breach of the Implied Covenant of Good Faith and Fair Dealing

Aurora claims that Pakpahan cannot state a claim for breach of the implied covenant of good faith and fair dealing because such a claim presupposes the existence of a contract, and Pakpahan has not adequately pled the existence of an enforceable contractual relationship. However, as the Court explained above, Pakpahan's allegations are sufficient to plead the existence of a contract.

In every contract, there exists an implied covenant of good faith and fair dealing where "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract [.]" *Universal Sales Corp. v. Cal. Press Mfg. Co.*, 20 Cal. 2d 751, 771 (1942). "A party violates the covenant if it subjectively lacks belief in the validity of its act or if its conduct is objectively unreasonable." *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 372, 6 Cal. Rptr. 2d 467 (1992).

Here, Pakpahan alleged that the credit issued by Aurora is not legal tender and constitutes the unlawful creation of money, which is unconstitutional and renders the loan invalid. Pakpahan claimed that Aurora breached the covenant of good faith and fair dealing by lending and charging him interest on "vapor money" that Aurora knew was not legal tender. However, as currently pled, Aurora's conduct did not interfere with Pakpahan's rights under the terms of the loan because Pakpahan received credit in the amount of $496,521.52. Additionally, Aurora's conduct was objectively reasonable under the circumstances, as it is common practice to issue

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#5

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7826 PSG (AJWx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Charles Pakpahan v. Aurora Loan Services, et al. | | |

credit in a mortgage loan situation. Therefore, Aurora's motion to dismiss Pakpahan's claim for breach of the implied covenant of good faith and fair dealing is GRANTED.

> B.   Fraud and Racketeering

Pakpahan's second cause of action is for fraud and racketeering.

> (1) Fraud

Aurora argues that Pakpahan failed to plead his fraud claim with the specificity required under Fed. R. Civ. P. 9(b). Fed. R. Civ. P. 9(b) requires a party alleging fraud to state with particularity the circumstances constituting the fraud. The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). To state a claim for fraud, a plaintiff must plead: (1) a misrepresentation, (2) defendant's knowledge of the falsity, (3) defendant's intent to defraud, (4) plaintiff's justifiable reliance, and (5) resulting damages. *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1239, 44 Cal. Rptr. 2d 352 (1995).

Here, Pakpahan again reiterated the same general allegations that Aurora lent him illegally-created money because it issued him credit instead of U.S. legal tender in the form of cash or coins. Pakpahan claimed that because Aurora lent him "vapor money," it misrepresented the terms of the loan and is guilty of fraud. The Court finds these allegations insufficient to state a claim for fraud. First, Aurora did not make false representations about the loan to Pakpahan. Aurora can issue credit via a promissory note, which is a valid negotiable instrument. Second, Aurora knew that it was lending Pakpahan credit instead of cash or coins, but again, this was not a false representation of the loan terms. Third, Aurora did not intend to defraud Pakpahan because credit can be validly issued with a promissory note. Lastly, it is unclear what damages Pakpahan claims to have suffered. Therefore, Aurora's motion to dismiss Pakpahan's claim for fraud is GRANTED.

> (2) RICO

Pakpahan alleged that Aurora violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 by engaging in mail and wire fraud to collect on

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#5**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7826 PSG (AJWx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Charles Pakpahan v. Aurora Loan Services, et al. | | |

the "unlawful" debt.  Aurora maintains that Pakpahan's RICO claim should be dismissed because he does not allege enough facts to support the required elements of the claim.

    RICO states, in relevant part:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.  18 U.S.C. § 1962(c).

The definition of "racketeering activity" includes, *inter alia*, mail and wire fraud.  18 U.S.C. § 1961(1).  To allege a violation of wire or mail fraud, it must be shown that defendants created a fraudulent scheme, used mail or wire to further the scheme, and defendants did so with the intent to defraud.  *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F. 2d 1393, 1399-1400 (9th Cir. 1986).

    Here, Pakpahan alleged that Aurora's scheme was to defraud him by issuing an illegal loan, and it perpetuated the fraud by using mail and wire services.  These allegations are insufficient to state a RICO claim.  First, Pakpahan did not adequately allege a fraudulent scheme because, as the Court explained, the loan was not illegal.  Additionally, this Court already found that, as currently pled, Aurora did not intend to defraud Pakpahan because credit can be validly issued with a promissory note.  Thus, Aurora's motion to dismiss Pakpahan's RICO claim is GRANTED.

    C.    <u>Usury and Racketeering</u>

    Pakpahan's third cause of action is for usury and racketeering.  Aurora argues that Pakpahan's claim should be dismissed because Pakpahan failed to plead that the interest fees on the loan constitute usury.  To state a cause of action for usury, a plaintiff must allege: (1) the transaction was a loan or forbearance; (2) the interest charged exceeded the statutory maximum; (3) the loan and interest was absolutely repayable by the borrower; and (4) the lender had a willful intent to enter into a usurious transaction.  *Ghirardo v. Antonioli*, 8 Cal. 4th 791, 798, 35 Cal. Rptr. 2d 418 (1994).

    Here, Pakpahan has pled that the transaction was a loan.  However, he did not claim that the interest rate exceeded the statutory maximum.  Rather, Pakpahan merely alleged that the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#5**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7826 PSG (AJWx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Charles Pakpahan v. Aurora Loan Services, et al. | | |

interest rate was higher than the agreed upon rate of 6.375%. Furthermore, Exhibit A shows an interest rate of 6.375%, which is not usurious. *See Haines v. Commercial Mortgage Co.*, 200 Cal. 609, 625 (1927). Thus, as currently pled, Pakpahan has not stated a cause of action for usury, and as such, Aurora's motion to dismiss Pakpahan's claim for usury and racketeering is GRANTED.

D.  Intentional Infliction of Emotional Distress

Pakpahan's fourth cause of action is for intentional infliction of emotional distress. Aurora argues that Pakpahan's claim should be dismissed because Pakpahan failed to adequately allege all the elements of the claim, specifically that Aurora's conduct was outrageous.

Under California law, to state a cause of action for intentional infliction of emotional distress, a plaintiff must allege: (1) extreme and outrageous conduct by the defendant with the intention, or reckless disregard of the probability, of causing emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the defendant's outrageous conduct was the actual and proximate cause of the emotional distress. *Cervantez v. J. C. Penney Co.*, 24 Cal. 3d 579, 593, 156 Cal. Rptr. 198 (1979).

Here, Pakpahan claimed that Aurora's conduct was outrageous and "exceeds the bounds of decent society," based on the general allegation that Aurora lent Pakpahan credit instead of actual cash or coins. "Generally, conduct will be found to be actionable where the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous!" *KOVR-TV, Inc. v. Superior Court*, 31 Cal. App. 4th 1023, 1028, 37 Cal. Rptr. 2d 431(1995) (quoting Restatement (Second) of Torts § 46 (1965) (internal quotations omitted)). A reasonable person would not find it outrageous that Aurora lent Pakpahan credit instead of cash in this situation. Because Pakpahan does not allege any other extreme conduct by Aurora, the Court finds that the allegations are not sufficient to support a claim for intentional infliction of emotional distress. Therefore, Aurora's motion to dismiss Pakpahan's claim for intentional infliction of emotional distress is GRANTED.

E.  Other Claims

Pakpahan also makes passing reference to other causes of action, including violations of antitrust laws and the Truth in Lending Act, racial discrimination, and conspiracy to threaten, depress, and oppress. However, because Pakpahan does not allege the factual bases for these claims, Aurora's motion to dismiss the complaint in its entirety is GRANTED.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#5**

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-7826 PSG (AJWx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Charles Pakpahan v. Aurora Loan Services, et al. | | |

IV.  Conclusion

   For the foregoing reasons, Aurora's motion to dismiss the complaint is GRANTED. Pakpahan may file an amended complaint **within 21 days** of the date of this order. If Pakpahan fails to do so with the deadline, this action will be dismissed with prejudice.

   **IT IS SO ORDERED.**